**SO ORDERED.**

**SIGNED this 06th day of April, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
**Western District of Texas**
San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| MARK BRADLEY DAVIS | 01-53754-C |
| *DEBTOR* | CHAPTER 7 |
| MARK BRADLEY DAVIS | |
| *PLAINTIFF* | |
| V. | ADV. NO. 06-5199-C |
| WELLS FARGO BANK, N.A., & ENHANCED RECOVERY GROUP | |
| *DEFENDANTS* | |

### DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

CAME ON for consideration the foregoing matter. The court granted the motion of Wells Fargo, N.A. for summary judgment. The plaintiff now seeks reconsideration of that decision. Wells Fargo responds that reconsideration is improper, both procedurally and on its merits. The court agrees with the defendant.

Procedurally, the motion before the court is one seeking new trial under Rule 59 of the

Federal Rules of Civil Procedure, made applicable in bankruptcy cases via Rule 9023 of the Federal Rules of Bankruptcy Procedure. *See* FED.R.BANKR.P. 9023. Wells Fargo rightly cites Fifth Circuit precedent stating that such a movant must first demonstrate a legitimate reason for not filing the necessary materials in response to the motion for summary judgment. If that is done, then the movant must point the court to specific materials that would create a material issue of fact. *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1052 (5th Cir. 1996); *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

The movant here has not demonstrated a legitimate reason for not timely responding to the motion for summary judgment with proper contravening affidavits. In fact, the only grounds for not timely responding were earlier urged by the plaintiff in its motion seeking an extension of time to respond to the motion for summary judgment. Those grounds were reviewed by the court and found insufficient to justify such an extension. Procedurally, this motion can do little more than re-urge grounds already considered – and rejected – by this court. What is more, as Wells Fargo accurately notes, neither the motion for extension of time, nor this motion, comport with Rule 56(f).[1] The instant motion thus fails to satisfy the first requirement imposed by the Fifth Circuit – it does not demonstrate a legitimate reason for not filing a timely and proper response to the motion for summary judgment in the first instance.

---

[1] Rule 56(f) provides that a party seeking additional time to respond to a motion for summary judgment must "state by affidavit the reasons why he is unable to present the necessary opposing material, and the court may then (1) refuse to grant summary judgment, (2) order a continuance to permit affidavits to be taken or discovery to be had, or (3) 'make such other order as is just.'" C. WRIGHT, A. MILLER, & M.K. KANE, 10B FED. PRACT. & PROC. (CIVIL) 3D, § 2740, at p. 397 (West 1998). Movant here filed a motion for continuance, not an affidavit. The failure to file an affidavit can be fatal. *See First Nat. Bank & Trust Corp. v. American Eurocopter Corp.* 378 F.3d 682 (7th Cir. 2004). Moreover, the court considered the motion for continuance as well as the response of Wells Fargo, and concluded that plaintiff had not been diligent in pursuing discovery, had failed to identify any material evidence it was likely to uncover with additional time, and in general found the lack of specificity in the motion to be telling. *See Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006) (citing numerous Fifth Circuit precedents, Judge Higgenbotham writes that a party cannot evade summary judgment simply by arguing that additional discovery is needed and may not rely on vague assertions that additional discovery will produce needed, by unspecified, facts); *see also C.B. Trucking, Inc. v. Waste Management, Inc.*, 137 F.3d 41, 44 (1st Cir. 1998) (party failed to establish entitlement to more time for additional discovery in context of motion for summary judgment); *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488-89 (6th Cir. 2000).

Movant seeks relief under the excusable neglect standard in Rule 60(b). However, nothing in the motion in fact states a basis for concluding excusable neglect on these facts. The essence of plaintiff's argument is this: if the court was not going to grant the request for an extension of time, then the court should have given the plaintiff time to respond. In other words, to plaintiff's mind, he was entitled to an extension even if the court *denied* his request for more time. On that rationale, a party would *automatically* earn an extension of time to respond just by asking for it at the last minute, even if the request had no merit. Apart from encouraging scurrilous and dilatory filings, such a rule would render it impossible for a court ever to *deny* such a motion. If the motion is *always* granted *de facto*, then the court's discretion is no longer implicated. And if that is the state of the law, then one would expect the federal rules to reflect that version of the law. Of course, that is not what the rules state – and that probably explains the lack of citation to authorities in this portion of movant's pleading.

Movant appeals to equity, stating that "it is not equitable to impose death penalty sanctions when a party timely requests additional time to respond and is not given sufficient time to respond after learning of the court's adverse death penalty ruling." To the contrary, it is not equitable to reward a party for waiting until the last minute to file a request for extension of time. The movant knew or should have known that there was no guaranty that his request for an extension of time would be granted, and therefore also knew or should have known that, if the request was denied, he would be left on the date of the deadline without a timely response. The movant placed himself at risk by waiting until the last minute, and by not having *something* ready to file in the event the request were denied.[2] Equity does not demand rescuing a party from risks voluntarily assumed.

---

[2] Consider other situations in which this same sort of risk is presented: a motion for continuance of trial that is denied, requiring the movant to be ready to proceed with trial; a motion for extension of time to file an answer to a complaint, failing which an answer must be filed to avoid entry of a default judgment; a motion for extension of time to file a complaint objecting to discharge that is denied, such that, if no complaint is timely filed, one will be forever barred per the rules of

On procedural grounds alone, the motion for reconsideration is not well taken, and should be denied. But the motion is substantively deficient as well. The materials to which plaintiff point do not in fact create a material issue of fact. Instead, they amount to mere conclusory allegations and legal conclusions, neither of which are sufficient to raise a fact issue. *See Marshall v. East Carroll Parish Hospital Service District*, 134 F.3d 319, 324 (5th Cir. 1996); *BIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002). The plaintiff has failed to demonstrate how describing a discharged debt as "charged off," without more, could constitute an impermissible attempt to collect on a debt in violation of the discharge injunction. Indeed, plaintiff contends that the problem with "charged off" is its implication that the debt in question is "owed." The debtor offers no evidence to support this contention.[3]

As a matter of both fact and law, the debt in question *is* owed, even after discharge. Discharge is an injunction which prohibits the collection of the debt as a personal liability of the debtor. Discharge does not eliminate the debt. The debt itself remains. *See IRS v. DiPasquale*, slip op., 2007 WL 1207990 (D.N.J. 2006); *Arruda v. Sears, Roebuck & Co.*, 273 B.R. 332, 350 (D.R.I. 2002) (if underlying debt were eliminated, creditor could not repossess collateral because the security interest would have been deemed satisfied by the "discharge"); *In re Irby*, 337 B.R. 293, 295 (Bankr. N.D. Ohio 2005) (citing for authority *Johnson v. Home State Bank*, 501 U.S. 78-83 (1991)).[4] It is still "owed" in the technical sense, even though acts to *collect* the debt are enjoined.[5]

---

bankruptcy procedure.

[3] For example, the term "charged off" might conceivably have a special meaning in a given context. It might be a term of art with a specifically prescribed meaning. Without evidence, however, the court can only evaluate the phrase in its common or colloquial usage.

[4] Adds the *Irby* court,

> In many instances, of course, such a distinction is purely academic. The effect of a creditor being legally enjoined from pursuing recourse against a debtor will, in large percentage of instances, forever bar the creditor from seeing payment on their debt;

As for the suggestion that Wells Fargo impermissibly sought to collect as a post-petition debt a pre-petition obligation, Wells Fargo correctly points out that the proposed summary judgment evidence sought to be offered as contravening evidence is insufficient summary judgment evidence as a matter of law, because of its conclusory and unsupported nature.[6]

For the foregoing reasons, the motion for reconsideration is denied.

# # #

---

thus, such creditor will be provided scant comfort in the knowledge that, from a legal standpoint, their debt remains technically in existence. But this will not always be the case.

*Id.*

[5] The court does not here reach the question whether certain kinds of credit reporting *might*, on the proper facts, constitute an impermissible attempt to collect a debt. Describing a debt as "charged off" *vel non* is insufficient, however.

[6] Plaintiff's tardy affidavit says, with respect to this debt, said by Wells Fargo to be post-petition, and claimed by the debtor to be pre-petition, that (a) the debt in question was *part of* his overdraft on one of his Wells Fargo accounts, and claimed to have been scheduled in the amount of $800, and (b) the "additional debt" was not incurred post-petition because, says the debtor, he closed the checking account in March 2001 with a zero balance. Plaintiff presented no documentation to support these bare allegations, though such documentation would presumably have been in the control of the debtor, given that these are the debtor's own bank records. Conclusory statements unsupported by evidence of record, unsubstantiated assertions, and mere legalistic argument are insufficient to count as competent summary judgment evidence. *See Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998); *BIG Ins. Co. v. Sedgwick James*, 276 F.3d 754 (5th Cir. 2002).